UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAYNALDO RAMOS                                                                                        PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:23-CV-235-DPJ-ASH

HARTFORD ACCIDENT AND INDEMNITY
COMPANY, TWIN CITY FIRE INSURANCE
COMPANY, and CARY HICKMAN                                                                       DEFENDANTS

ORDER

After an automobile accident, Raynaldo Ramos sued the other driver, Cary Hickman, as well as two insurance companies ("Defendants") for alleged bad faith under Louisiana law. Defendants ask for the bad-faith claims to be severed for separate trial and for discovery on those claims to be stayed. Mot. [29]. Ramos opposes severance. The Court denies the motion and the parties' joint motion for a status conference [49].

I.     Facts and Proceedings

A collision on February 4, 2021, severely injured Ramos. State Ct. R. [1-1] at 2–3; Defs.' Mem. [30] at 1–2. Ramos says he submitted details of his injuries and damages to the insurers on January 21, 2022, but they failed to promptly tender payment as required under applicable Louisiana law. SCR [1-1] at 3, 6–9; *see also* Order [46] (holding that Louisiana law governs bad-faith claims). After the insurers sought severance and a stay, the parties jointly notified the Court that the insurers had tendered the policy limits. The Court therefore requested supplemental briefing, and the parties responded. *See* Pl.'s Resp. [53]; Defs.' Resp. [54].

II.    Discussion

Defendants appear to assert alternative arguments for severance. On the one hand, their legal authority suggests that they believe Ramos misjoined them as *parties* with the driver, Hickman. Defs.' Mem. [30] at 3 (citing *Hegwood v. Williamson*, 949 So. 2d 728 (Miss. 2007)

1

(addressing misjoined parties under Mississippi Rule of Civil Procedure 20(a)). A severance for misjoined parties would fall under Federal Rule of Civil Procedure 21, though Defendants never cite it. On the other hand, they expressly say Ramos "improperly joined" the *claim* against Hickman with "a bad[-]faith claim against the carrier." *Id.* at 2. Consistent with that approach, they cite Federal Rules of Civil Procedure 20(b) and 42(b), both of which allow separate trials for reasons other than misjoinder of parties.

The Court will examine both arguments in greater detail but notes that the Fifth Circuit distinguishes motions for separate trials under Rule 42(b) from motions to sever under Rule 21. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993). "Severance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). Severance under Rule 42(b) creates separate trials but "does not result in discrete, independent suits." *Id.*

A. Misjoined Parties

Starting with misjoinder of parties, Rule 20(a) states that "defendants" "may be joined in one action" if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." And under Rule 21, when "parties" are misjoined, "the court may . . . sever any claim against a party."

Ramos says the insurers were properly joined under Rule 20(a) because, under applicable Louisiana law, "relief is asserted against Defendants and Cary Hickman jointly and severally arising out of the same occurrence or series of occurrences." Pl.'s Resp. [33] at 16. But the insurers disagree, relying on the Mississippi Supreme Court's holding in *Hegwood* and

2

Mississippi Rule of Civil Procedure 20(a).  Defs.' Mem. [30] at 3; *id*. at n.2 (citing Miss. R. Civ. P. 20 cmt.).

To begin, it is not apparent why Mississippi procedural law would apply.  In an analogous context under Rule 42(b), the Fifth Circuit held that "a district court is simply not bound by state law when deciding whether to bifurcate" because "in our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018); *see Hardesty Builders, Inc. v. Mid-Cont. Cas. Co.*, No. CIV. A C-10-142, 2010 WL 2787810, at *2 (S.D. Tex. July 14, 2010) (applying federal law to Rule 21 analysis).

Ramos recognized that problem in his response, arguing that Louisiana substantive law and federal procedural standards—not Mississippi law as announced in *Hegwood*—apply to the insurers' motion.  Pl.'s Resp. [33] at 22.  The insurers offered no response and seemingly abandoned their misjoined-party argument in their reply—arguing instead that severance promotes "judicial economy."  Defs.' Reply [37] at 2.  Their supplemental brief was no different.  There, they primarily say there is "no factual basis to support a 'bad[-]faith' claim in this matter."  Defs.' Supp. Brief [54] at 1; *see also id.* at 2 (arguing there can be no bad faith because the insurers promptly paid policy limits).  In short, the insurers offer no legal analysis explaining why they have been misjoined as parties.  Absent legal analysis under Federal Rule of Civil Procedure 20(a)—for claims decided under Louisiana substantive law—the Court finds that the insurers' motion should be denied to the extent they may seek severance under Rule 21.

B.     Separate Trials Under Rules 20(b) and 42(b)

Even if Ramos properly joined the insurers with Hickman, the Court could still order separate trials under Rules 20(b) and 42(b), the two rules Defendants cite.  Under Rule 20(b),

"[t]he court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."  Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

While separate trials might become necessary under these rules, Defendants have not yet demonstrated that they are, especially given recent developments.  First, Hickman is in default, and Defendants say his liability "is not contested."  Defs.' Supp. Br. [54] at 3.  So, this is not a case where coverage issues might taint the liability case or violate Federal Rule of Evidence 411.  Second, Defendants have paid the policy limits, thus removing coverage as another issue at trial.  That leaves for decision the timing of the payment and Ramos's damages from the accident—an issue common to all Defendants.  Given this overlap and the concession on fault, separate trials may not be required (though bifurcation might still be appropriate).  In any event, if separate trials are required, that decision can be made once the trial issues are finalized.  If the case reaches pretrial conference, the Court will raise this issue and give Defendants an opportunity to renew their motion.  For now, the motion to sever is denied without prejudice.

        C.        Motion to Stay Discovery

As for staying discovery, that issue appears moot because the discovery deadline expired on July 12, 2024.  But that does not mean discovery should be forever disallowed.  Defendants' original reason for seeking a stay was to allow time for them to adjust the claim.  Defs.' Mem. [30] at 4–5.  That justification went away when they paid the policy limits, so they pivoted and said a stay should be granted because they intended to seek summary judgment.  Defs.' Supp.

Brief [54] at 4.  Now that they have filed that motion, Ramos will have the opportunity to file a separate motion seeking discovery under Rule 56(d).  *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document.").  If he does, the Court will determine whether discovery should occur and, if so, impose a deadline.

Finally, the parties filed a joint motion before the discovery deadline passed asking for a status conference to discuss the foregoing issues and "the entry of a revised case management order."  Mot. [49].  Because additional discovery now hinges on Rule 56(d), a status conference would fall beyond the scope of the magistrate judge and is otherwise unnecessary.  That motion is denied.[1]

IV.   Conclusion

The Court has considered all arguments presented.  Any not expressly addressed here would not affect the outcome.  Defendants' motion to sever [29] is denied, including the request to stay discovery, though some issues may be revisited.  The parties' joint motion [49] for a status conference is denied.

**SO ORDERED AND ADJUDGED** this the 5th day of August, 2024.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The settlement conference is currently set for September 24, 2024.  Defendants suggested in their Reply that the case might resolve at a settlement conference once more was known about Ramos's injuries.  The timing of the settlement conference and the deadlines for the summary-judgment motion are not ideal.  If the case might settle, the Court would not want the parties to incur additional expenses briefing the issues.  Accordingly, the parties are instructed to confer and determine whether the summary-judgment motion should be stayed until after the settlement conference or whether they might benefit from any other agreements.  If after that conversation they believe a conference with the undersigned (or the magistrate judge) would help, they may contact the courtroom deputy to set it.