UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAYNALDO RAMOS                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:23-CV-235-DPJ-ASH

HARTFORD ACCIDENT AND                                                                              DEFENDANTS
INDEMNITY CO., et al.

ORDER

Raynaldo Ramos seeks default judgment against Cary Hickman, an uninsured motorist who rammed Ramos's van while intoxicated. *See* Mot. [201]. In that same motion, Ramos requests an order setting the damages hearing against Hickman for jury trial to be heard with Ramos's bad-faith claims against the Defendant insurance companies who provided Ramos's employer with uninsured-motorist (UM) coverage (collectively, "Hartford"). *Id.* He has since informed the Court that he will consent to have the Court determine the damages against Hickman.

Hickman has never appeared and has not opposed default judgment. Hartford opposes the motion only as to the request for a consolidated trial and moves separately to sever or bifurcate [196]. The Court will enter default judgment against Hickman and denies the request for a jury trial on damages as moot. Hartford's motion for separate trials is granted, as the Court will determine damages against Hickman in a separate evidentiary hearing.

I.  Background

In February 2021, Hickman ran a red light and collided with Ramos in Neshoba County, Mississippi. Compl. [1-1] ¶¶ 7, 12, 13. Ramos alleges that Hickman was "under the influence of alcohol and/or drugs" at the time. *Id.* ¶ 25. He also pleads negligence and gross negligence against Hickman, seeking punitive damages as well as general and special damages. *Id.* ¶ 24–25.

Hickman never answered, and a clerk's entry of default was entered on September 8, 2023. Entry [19]. Ramos now seeks partial default judgment on four issues:

1. Defendant Cary Hickman was negligent and caused the February 4, 2021 crash;

2. Defendant Cary Hickman is assigned 100 percent of the fault in causing the February 4, 2021 crash;

3. Defendant Cary Hickman was intoxicated at the time of the crash; and

4. Defendant Cary Hickman was uninsured at the time of the crash.

Pl.'s Mem. [202] at 2.

II.  Standard

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Courts disfavor default judgments, which are "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). But when that happens, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *H.F. Livermore*, 432 F.2d at 691. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

III.  Discussion

Hickman has never appeared, and there is no response from him. Hartford did respond and agrees that Hickman is in default. Defs.' Mem. [227] at 2. Even though default judgment on liability is unopposed, the Court must first satisfy itself that default judgment is proper. *Id.* The Court's analysis follows three steps. First, is a default judgment procedurally warranted?

2

Second, do the pleadings support a default judgment? Third, what relief, if any, should the plaintiff receive? *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813–14 (N.D. Tex. 2015) (outlining three-step analysis).

    A.    Default Judgment Is Procedurally Correct

District courts in the Fifth Circuit apply the six factors enumerated in *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998), to find whether a default judgment is proper procedurally:

> Relevant factors include [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good[-]faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

161 F.3d at 893 (bracketed numerals added); *see J & J Sports*, 126 F. Supp. 3d at 814. None of these factors weighs in Hickman's favor. The Clerk entered default against him in September 2023, and he has never appeared in this case.

Hartford's opposition to this motion includes a procedural argument that Ramos's motion for default judgment was untimely. Defs.' Mem. [227] at 2. But, as noted, Hartford opposed Ramos's motion because he initially sought to have Hickman's damages decided by the same jury that hears the claims against Hartford. That concern is now moot.

Assuming Hartford's timeliness argument is not also moot, the Court would grant Ramos leave to file it out of time under Rule 16(b)(4). That raises four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

Ramos's explanation that his attorneys misinterpreted the Court's deadlines is not convincing. *See Nevarez v. Nevarez*, No. EP-22-CV-442, 2023 WL 5617813, at *2 (W.D. Tex.

Aug. 29, 2023) (collecting cases). On the other hand, the remaining factors do favor him: the importance of obtaining a judgment is obvious and necessary to close this claim. There is also no undue prejudice to Hickman. Finally, granting leave eliminates the need for a continuance in a case that is already getting old. On whole, the Court finds good cause to allow Ramos's late filing.

B. Ramos's Complaint Supports Entry of Default Judgment

Under Mississippi law, negligence has four elements: duty, breach, causation, and damages. *Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 851 (5th Cir. 2018), *as revised* (Oct. 8, 2018). According to the Complaint, Hickman ran a red light while intoxicated and collided with Ramos, who was injured as a result. Nothing before the Court suggests any liability on Ramos's part. The Court is more than satisfied that Ramos is entitled to default judgment against Hickman on his negligence claim.[1]

C. Ramos Is Entitled to a Hearing on His Damages

Generally, a default judgment "does not establish the amount of damages," and the courts will not award damages based only on the pleadings. *United States for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Damages ordinarily require either an evidentiary hearing or detailed sworn proof of the damages and how they are computed. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The exception is where the courts have sufficient information in the pleadings and supporting documents to compute the damages. *Id*.

Here, there's no question that Ramos's damages are neither liquidated nor assessable without proof. The Court will therefore grant a Rule 55(b)(2) hearing. As noted, Ramos has

---

[1] Ramos has informed the Court that he intends to dismiss the gross-negligence claim.

dropped his request for a jury to hear those damages, so a bench hearing will occur. The mechanics for this separate hearing on damages will be discussed at the pretrial conference.

IV.   Conclusion

The Court has considered all arguments presented. Any not specifically addressed here would not affect the outcome. Ramos's motion for default judgment [201] is granted as to Defendant Hickman's liability. The damages will be decided in a separate bench hearing. And for that reason, the Court grants Hartford's motion [196] to sever or bifurcate the Hickman claims from those against Hartford.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2025.

>                    s/ *Daniel P. Jordan III*
>                    UNITED STATES DISTRICT JUDGE